ROBERT C. PATTERSON, plaintiff in error, *vs.* WILLIAM BAGLEY, defendant in error.

When the levy in a claim case was dismissed by the court, with judgment for cost for claimant, although it be for a cause which may not be a legal ground for the dismissal of the levy, yet the plaintiff in execution cannot proceed to the trial of the claim case under the same levy, unless this order of dismissal be set aside or reversed.

Claim.     Execution.     Judgment.     Before Judge JAMES JOHNSON.     Chattahoochee Superior Court.     March Term, 1874.

On March 17th, 1869, an execution in favor of Robert C. Patterson against George H. Kelly *et al.,* for $95 00 principal, $15 50 interest and costs, based on a judgment rendered by the superior court of Chattahoochee county, on March 29th, 1861, was levied upon certain lands as the property of Kelly. A claim was interposed thereto by William Bagley. Upon the trial of the issue thus formed it appeared that at the September term, 1871, of said court, an order was passed dismissing said levy, because no affidavit of the payment of taxes had been filed, and directing a judgment for costs in favor of the claimant. It was insisted by counsel for plaintiff that said order, having been based on an unconstitutional law, was null and void, and that said levy was not affected thereby. The court held that there was no case before it; that said levy had been dismissed by said order, and that it could do nothing in the premises. To which ruling plaintiff excepted.

Patterson *vs.* Bagley.

LITTLE & CRAWFORD; H. BUSSEY, by brief, for plaintiff in error.

E. G. RAIFORD; B. A. THORNTON, by brief, for defendant.

TRIPPE, Judge.

The court below held that as the levy had been dismissed by the judgment of the court, although a reason not good in law might have been assigned, yet as long as that judgment remained unreversed or was not set aside, there was no case in court; that the claim case was disposed of by the dismissal of the levy; and further, that a judgment was not void simply because a wrong reason was given for it. The subject matter before the court was the levy, the claim, and the issue growing out of it. The court had jurisdiction of all that, and a judgment rendered thereon was not void because a ground not good in law was assigned as a reason for it. If the pleadings are so defective that no legal judgment can be rendered, the judgment may be arrested or set aside. Or when a judgment has been rendered either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings. A motion in arrest must be made during the term at which the judgment was obtained. A motion to set it aside may be made at any time within the statute of limitations: Code, sections 3587, 3588, 3589. None of these sections make such a judgment void, a nullity. Where they are not void, the proper steps should be taken either in arrest or to set them aside. A case dismissed is out of court, although an erroneous reason is assigned for the dismissal, and the proper proceedings must be taken in order to avoid its effect.

Judgment affirmed.